IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.

| | | |
|---|---|---|
| CYNTHIA KAY (HAWKINS) LAPARDI | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| NASTASSIA ANGELICA GOODMAN | ) | |
| and LYFT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Defendant Lyft, Inc. ("Lyft"), and hereby gives Notice of Removal pursuant to 28 U.S.C. § 1446. In support of removal, Lyft shows the Court as follows:

### State Court Litigation

1.      On 26 October 2020, Plaintiff Cynthia Kay (Hawkins) Lapardi filed her summons and complaint with the Clerk of Superior Court for Gaston County, initiating the lawsuit styled <u>Cynthia Kay (Hawkins) Lapardi versus Nastassia Anjelica Goodman and Lyft, Inc.</u> and identified as file number 20-CVS-3796. A true and accurate copy of the state court summons and complaint are attached hereto as Exhibit 1;

2.      Plaintiff's Complaint alleges negligent operation of a motor vehicle by Defendant Nastassia Angelica Goodman resulting in a motor vehicle accident on 7 December 2017 in Gastonia, North Carolina. Ex. 1 p 3. As a result of the alleged accident, Plaintiff alleges severe and permanent injuries, including injuries to her head, neck, back, left shoulder, and left arm, as well as headaches and related medical expenses. Ex. 1 p 10.

3.     Plaintiff served Lyft with service of process on 10 November 2020. A true an accurate notice of service from Lyft's registered agent is attached hereto as Exhibit 2.

4.     The summons and complaint are the only documents filed with the Clerk of Superior Court for Gaston County in 20-CVS-3796.

5.     Upon information and belief, Lyft, Inc. is the only party that has been served with process and joined to this matter at the time of filing of this Notice of Removal.

## Removal is Proper Based on Diversity Jurisdiction Pursuant

6.     Federal courts have jurisdiction in cases in which there is complete diversity between the plaintiff and defendants and the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332.

7.     This case satisfies the diversity requirement for jurisdiction and removal. See 28 U.S.C. § 1441.

8.     Plaintiff Cynthia Kay (Hawkins) Lapardi is a citizen and resident of the State of Texas. Ex. 1 p 1;

9.     Lyft is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. A true and accurate copy of Lyft, Inc.'s North Carolina Application for Certificate of Authority attached here to as Exhibit 3.

10.    Upon information and belief, Defendant Goodman is a resident and citizen of North Carolina. However, upon information and belief, Defendant Goodman has not

been served with process and thus, is not properly joined and served to this matter at the time of its removal.

11.     Because Defendant Goodman is a citizen of North Carolina who has not been properly joined *and served*, there is complete diversity of citizenship among the parties who have been properly joined and served and, as such, this suit is subject to removal pursuant to 28 U.S.C. §1332 and 1441. See Graff v. Leslie Hindman Auctioneers, Inc. 299 F. Supp. 3d 928, 936 (N.D. Ill. 2017); Chase v. Bryant, No. 4:10-CV-85-H, 2010 U.S. Dist. LEXIS 116417, 2010 WL 4496800 (E.D.N.C. Nov. 1, 2010). A copy of Chase v. Bryant is attached herewith as Exhibit 4.

12.     This case also meets the amount in controversy requirements.

13.     In cases alleging negligence and seeking damages in excess of $25,000.00, North Carolina pleading standards prohibited Plaintiff from pleading the demand for monetary relief, requiring her to plead instead that damages at issue exceed $25,000.00. N.C. Gen. Stat. § 1A-1, N.C.R. Civ. P. 8(a)(2).

14.     Plaintiff's Complaint was pled consistent with North Carolina pleading standards for damages in excess of $25,000.00. Ex. 1 p 5.

15.     Because of the North Carolina pleading standard, the amount-in-controversy for diversity jurisdiction may be asserted within this Notice of Removal. 28 U.S.C. § 1446(c)(2)(A)(ii).

16.     Based on Plaintiff's alleged damages, including, but not limited to, physical injuries, permanent injury, and related medical expenses, the damages Plaintiff alleges in her Complaint exceeds the $75,000.00 amount-in-controversy threshold for diversity jurisdiction.

## Venue is Proper in the Western District of North Carolina

17. Removal of a civil action from state court should be filed in the district and division of the United States District Court within which the civil action is pending. 28 U.S.C. § 1446(a).

18. Prior to removal, this civil action was pending in the Superior Court of Gaston County. See Ex. 1.

19. Gaston County is within the Western District of North Carolina. 28 U.S.C. § 113(c).

20. Gaston County within the Charlotte Division of the Western District of North Carolina.

21. Therefore, this Court is the proper venue for this Notice of Removal.

## Removal is Timely

22. Notice of removal must be given within thirty days of receiving a copy of the initial pleading, through process or otherwise. 28 U.S.C. § 1446(b)(2)(B).

23. Lyft received notice of the initial pleadings on 10 November 2020. Ex. 2.

24. Lyft's deadline to file this Notice of Removal is 10 December 2020.

25. This Notice of Removal is timely.

## Notice to State Court

26. Contemporaneous to this filing, Lyft has served its Notice of Notice of Removal upon all adverse parties in this matter and has also sent its Notice of Notice of Removal for filing with the Clerk of Superior Court for Gaston County. See 28 U.S.C. §1446(d).

WHEREFORE, Defendant respectfully prays the Court to exercise its jurisdiction over this matter and to accept its Notice of Removal.

This the 8th day of December, 2020.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Christopher Derrenbacher*
CHRISTOPHER DERRENBACHER
N.C. Bar No. 25402
JUSTIN G. MAY
N.C. State Bar No. 47928
*Attorneys for Lyft, Inc.*
4101 Lake Boone Trail, Suite 514
Raleigh, North Carolina 27607-3977
Telephone: (919) 821-4020
Facsimile: (919) 829-0055
Email:
christopher.derrenbacher@lewisbrisbois.com
justin.may@lewisbrisbois.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel for Defendant, has this date filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF system and has served the following persons or parties by depositing a copy thereof, postage prepaid, in the United States Mail addressed as follows:

> Brent A. Patterson
> PATTERSON ADAMS, PLLC
> 213 West Main Avenue
> Gastonia, NC 28054
> **Attorney for Plaintiff**

This the 8th day of December, 2020.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Christopher J. Derrenbacher*
CHRISTOPHER DERRENBACHER
N.C. Bar No.  25402
JUSTIN G. MAY
N.C. State Bar No. 47928
*Attorneys for Lyft, Inc.*
4101 Lake Boone Trail, Suite 514
Raleigh, North Carolina 27607-3977
Telephone: (919) 821-4020
Facsimile: (919) 829-0055
Email:
christopher.derrenbacher@lewisbrisbois.com
justin.may@lewisbrisbois.com

# EXHIBIT 1

# STATE OF NORTH CAROLINA

GASTON _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
Cynthia Kay (Hawkins) Lapardi

**Address**

**City, State, Zip**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

**VERSUS**

G.S. 1A-1, Rules 3 and 4

**Name Of Defendant(s)**
Nastassia Anjelica Goodman and Lyft, Inc.

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Lyft, Inc.
c/o CT Corporation System, Registered Agent
160 Mine Lake Court
Suite 200
Raleigh, NC 27615

**Name And Address Of Defendant 2**

> **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!**
> **You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**
> **¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
> **Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:& First Set of Interrogatories and Request for Production of Documents

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)**
Brent A. Patterson
Patterson Adams, PLLC
213 West Main Avenue
Gastonia, NC 28054

**Date Issued** 10-26-2020

**Time** 4:21 ☐ AM ☒ PM

**Signature**

☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**

**Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:& First Set of Interrogatories and Request for Production of Documents

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint. along with First Set of Interrogatories and Request for Production of Documents

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint. along with First Set of Interrogatories and Request for Production of Documents

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF GASTON

F·I·L·E·D·

2019 OCT 26 P 11: 20

GASTON CO., C.S.C.
BY_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20-CVS- 3796

CYNTHIA KAY (HAWKINS) GEBHARDT,

          Plaintiff,

     - vs -

NASTASSIA ANJELICA GOODMAN
and LYFT, INC.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
**Motor Vehicle Negligence**

The Plaintiff, complaining of the Defendants, alleges and states the following:

1.      The Plaintiff is a citizen and resident of Limestone County, Texas.

2.      Upon information and belief, the Defendant Nastassia Anjelica Goodman is a citizen and resident of Mecklenburg County, North Carolina.

3.      Upon information and belief, the Defendant, Lyft, Inc., is a corporation organized and doing business under the laws of the State of North Carolina.

4.      On or about December 7, 2017, at approximately 10:31 a.m., the Plaintiff was operating a 2005 Jeep vehicle in a southerly direction on South Chester Street, in the City of Gastonia, North Carolina.

5.      At the same time and place, the Defendant, Nastassia Anjelica Goodman, was operating a 2016 Jeep vehicle, in a westerly direction on West Franklin Boulevard, in the City of Gastonia, North Carolina.

6.      Upon information and belief, the Defendant, Nastassia Anjelica Goodman, was an employee or agent of the Defendant, Lyft, Inc. and was at the time of the collision driving with a customer, further acting within the course and scope and in furtherance of said employer or agency.

7.      At the time and place and on the occasion herein in question, as the Plaintiff traveled along South Chester Street, she entered the intersection with West Franklin Boulevard with a green light emitting for her direction of travel when, suddenly without warning, the Defendant, Nastassia Anjelica Goodman, entered the intersection from West Franklin Boulevard while the traffic signal in her direction was emitting a red light and collided with the vehicle in

which the Plaintiff was operating. The collision caused injuries to the Plaintiff as more particularly alleged hereinafter.

8. The Defendant, Nastassia Anjelica Goodman, was negligent at the aforesaid time and place in the following respects:

(a) She failed to keep and maintain a reasonably careful and proper lookout in her direction of travel;

(b) She failed to keep the vehicle she was operating under reasonable and proper control;

(c) She approached and entered in an intersection when the duly erected traffic control signal erected therein was emitting a red light for traffic on West Franklin Boulevard and in her direction of travel in violation of N.C.G.S. §20-158;

(d) She operated said vehicle upon a public highway heedlessly and carelessly in willful and wanton disregard of the rights of others, without due caution or circumspection in a manner so as to endanger, or be likely to endanger the life and safety of others, including the Plaintiff, in violation of N.C.G.S. § 20-140;

(e) She operated said vehicle upon a public highway at an unlawful and excessive rate of speed and at a speed greater than was reasonable and prudent under the circumstances and conditions then and there existing, in violation of N.C.G.S. § 20-141;

(f) She failed to decrease the speed of said vehicle in order to avoid colliding with the vehicle in which the Plaintiff was a passenger, in violation of N.C.G.S. § 20-141; and

(g) She was otherwise careless and negligent.

9. The negligence of Defendant, Nastassia Anjelica Goodman, is imputed to Defendant, Lyft, Inc.

10. As a direct and proximate result of the aforesaid acts of negligence of the Defendant, the Plaintiff suffered injuries to and about her body, including but not limited to her head, neck, back, left shoulder, left arm and headaches; as a result of these injuries Plaintiff has received medical care, attention and treatment and incurred expenses for said medical care, attention, and treatment. As a direct and proximate result of the aforesaid injuries, the Plaintiff is informed, believes and therefore alleges that she has been severely and permanently injured and damaged in an amount in the excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, the Plaintiff respectfully pray unto the court for relief as follows:

1. That the Plaintiff have and recover judgment against the Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

2. That the judgment against the Defendants bear interest from the time of the institution of their action as provided by law.

3. That the costs of their action be taxed against the Defendants.

4. For such other and further relief as the Court may deem just and proper.

This the 20th day of October, 2020.

**PATTERSON & ADAMS, PLLC**
Attorneys for Plaintiff
213 West Main Avenue
Gastonia, North Carolina 28052
Telephone: 704-867-1955

By: _____
Brent A. Patterson

# EXHIBIT 2

 CT Corporation

TO: Lyft, Inc.
185 BERRY ST STE 5000
SAN FRANCISCO, CA 94107-2503

RE: **Process Served in North Carolina**

FOR: Lyft, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cynthia Kay (Hawkins) Lapardi, Pltf. vs. Nastassia Anjelica Goodman and Lyft, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Civil Summons, Return of Service, Complaint, Interrogatories and Request, Request |
| **COURT/AGENCY:** | Gaston County Superior Court, NC<br>Case # 20CVS3796 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 12/07/2017 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Raleigh, NC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/10/2020 postmarked on 11/02/2020 |
| **JURISDICTION SERVED :** | North Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Brent A. Patterson<br>Patterson Adams, PLLC<br>213 West Main Avenue<br>Gastonia, NC 28054<br>704-867-1955 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2020, Expected Purge Date: 11/15/2020 |
| | Image SOP |
| | Email Notification, ▮▮▮▮▮▮▮▮ @lyft.com |
| | Email Notification, ▮▮▮▮▮▮▮▮ @lyft.com |
| | Email Notification, ▮▮▮▮▮▮ @lyft.com |
| | Email Notification, ▮▮▮▮▮▮▮▮ @lyft.com |
| | Email Notification, ▮▮▮▮▮▮ @lyft.com |
| | Email Notification, ▮▮▮▮▮▮ @lyft.com |
| | Email Notification, ▮▮▮▮▮▮ @lyft.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

TO:     Lyft, Inc.
        185 BERRY ST STE 5000
        SAN FRANCISCO, CA 94107-2503

RE:     **Process Served in North Carolina**

FOR:    Lyft, Inc.  (Domestic State: DE)

Email Notification,  ████████████@lyft.com

SIGNED:     CT Corporation System
ADDRESS:    208 LaSalle Ave
            Suite 814
            Chicago, IL 60604

For Questions:  866-539-8692
                CorporationTeam@wolterskluwer.com

Page 2 of  2 / SK

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# EXHIBIT 3

SOSID: 1477011
Date Filed: 10/22/2015 5:31:00 PM
Elaine F. Marshall
North Carolina Secretary of State
C2015 293 00317

State of North Carolina
Department of the Secretary of State

## APPLICATION FOR CERTIFICATE OF AUTHORITY

Pursuant to §55-15-03 of the General Statutes of North Carolina, the undersigned corporation hereby applies for a Certificate of Authority to transact business in the State of North Carolina, and for that purpose submits the following:

1. The name of the corporation is  Lyft, Inc.                                    ; and if the corporate name is unavailable for use in the State of North Carolina, the name the corporation wishes to use is:

2. The state or country under whose laws the corporation was organized is: Delaware

3. The date of incorporation was March 5, 2007  ; its period of duration is: perpetual until dissolution

4. Principal office information: (Select either a or b)

    a. ☑ The corporation has a principal office.

        The street address and county of the principal office of the corporation is:

        Number and Street 2300 Harrison Street

        City, State, Zip Code  San Francisco, CA 94110                              County  County of San Francisco

        The mailing address, if different from the street address, of the principal office of the corporation is:

    b. ☐ The corporation does not have a principal office.

5. The street address and county of the registered office in the State of North Carolina is:

    Number and Street  3125 Poplar Wood Court, The Aspen Building, Suite 100

    City, State, Zip Code  Raleigh, NC  27604                                     County  Wake

6. The mailing address, if different from the street address, of the registered office in the State of North Carolina is:

7. The name of the registered agent in the State of North Carolina is: Incorporating Services, Ltd.

8. The names, titles, and usual business addresses of the current officers of the corporation are (attach if necessary):

| Name | Title | Business Address |
|---|---|---|
| John Zimmer | President | 2300 Harrison Street, San Francisco, CA 94110 |
| Logan Green | Chief Executive Officer and Secretary | 2300 Harrison Street, San Francisco, CA 94110 |
| Brian Roberts | Chief Financial Officer | 2300 Harrison Street, San Francisco, CA 94110 |

9. Attached is a Certificate of Existence (or document of similar import) duly authenticated by the Secretary of State or other official having custody of corporate records in the state or country of incorporation  *The Certificate of Existence must be an original and less than six months old.*

CORPORATIONS DIVISION          P O BOX 29622          RALEIGH, NC 27626-0622
*(Revised January, 2002)*                                               *(Form B-09)*

## APPLICATION FOR CERTIFICATE OF AUTHORITY
### Page 2

10. If the corporation is required to use a fictitious name in order to transact business in this State, a copy of the resolution of its board of directors, certified by its secretary, adopting the fictitious name is attached

11. This application will be effective upon filing, unless a delayed date and/or time is specified:_____

This is the _19_ day of _October_ ___ , 20 _15_

Lyft, Inc.
Name of Corporation

Signature

Brian Roberts, CEO
Type or Print Name and Title

NOTES:
1   Filing fee is $250.  This document must be filed with the Secretary of State

CORPORATIONS DIVISION        P. O. BOX 29622        RALEIGH, NC 27626-0622
*(Revised January, 2002)*                                                             *(Form B-09)*



# Delaware

### The First State

    I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "LYFT, INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTIETH DAY OF OCTOBER, A.D. 2015.

    AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

    AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "LYFT, INC." WAS INCORPORATED ON THE FIFTH DAY OF MARCH, A.D. 2007.

    AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

4311245  8300
SR# 20150566032
You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 10265293
Date: 10-20-15

# EXHIBIT 4

# *Chace v. Bryant*

United States District Court for the Eastern District of North Carolina, Eastern Division

November 1, 2010, Decided; November 1, 2010, Filed

NO. 4:10-CV-85-H

**Reporter**
2010 U.S. Dist. LEXIS 116417 *; 2010 WL 4496800

ROBERT A. CHACE, Plaintiff, v. CHRISTOPEHR G. BRYANT, NEW PRIME, INC., PREMIER CARRIERS, LLC, and PRIME, INC., Defendants.

**Counsel:** [*1] For Robert A. Chace, Plaintiff: Sanford W. Thompson , IV, Sanford Thompson, PLLC, Raleigh, NC.

For Christopher G. Bryant, Prime, Inc., New Prime, Inc., Premier Carriers, LLC, Defendants: Robert Marc Rubin, LEAD ATTORNEY, Cranfill Sumner & Hartzog, LLP, Charlotte, NC.

**Judges:** Malcolm J. Howard, Senior United States District Judge.

**Opinion by:** Malcolm J. Howard

# Opinion

## ORDER

This matter is before the court on plaintiff's motion to remand. Defendants have responded, and the time for further filings has expired. This matter is ripe for adjudication.

The instant case arises out of a motor vehicle collision on May 30, 2007 between a tractor trailer operated by plaintiff Robert A. Chace ("plaintiff") and a tractor trailer operated by defendant Christopher G. Bryant ("defendant Bryant") on Interstate 85 in Salisbury, Rowan County, North Carolina. On May 26, 2010, plaintiff commenced this action by filing a complaint against defendants New Prime, Inc., Premier Carriers, LLC, Prime, Inc., and Christopher G. Bryant in the Superior Court of Edgecombe County, North Carolina. On or about May 29, 2010, defendants new Prime, Inc., Premier Carriers, LLC and Prime, Inc. were served with the Civil Summons and Complaint. On June 28, 2010, [*2] those same defendants filed a Notice of Removal of this civil action from the Superior Court of Edgecombe County to this court pursuant to *28 U.S.C. § 1332(a)(2)*, *28 U.S.C. § 1441(a)* and *28 U.S.C. § 1446*. As of the date of removal, defendant Bryant had not been served with the civil summons and complaint. Subsequent to removal, plaintiff filed a Notice of Service by Publication indicating that plaintiff served defendant Bryant by publication on July 27, August 3, and August 10, 2010.

Plaintiff alleges in the complaint that defendant Bryant is a citizen and resident of Edgecombe County, North Carolina. Defendants state in their response to the motion to remand that they have been unable to locate defendant Bryant and are unable to represent to this court where defendant Bryant resides with any degree of certainty.

Plaintiff moves to remand this matter to state court, arguing that defendant Bryant is a citizen of the State of North Carolina, and therefore, removal was improper. Defendants counter that because defendant Bryant had not been served at the time of removal, there is no defect in removal and this matter should remain in federal district court.

At issue is _28 U.S.C. § 1441(b)_, **[*3]** which provides,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

_28 U.S.C. § 1441(b)_ (emphasis added).

Plaintiff, in his motion to remand, states that there can be no argument that defendant Bryant is not a proper defendant because at the time of the wreck he was operating the tractor trailer involved in the collision. Plaintiff's counsel requested that moving defendants' counsel, who will be representing Bryant, to accept or waive service on behalf of Bryant. Plaintiff argues that once he properly serves defendant Bryant that this court will no longer have federal subject matter jurisdiction based on diversity of citizenship. [1]

Plaintiff's argument, however, misses the mark. The joinder of Bryant, a resident defendant, will not destroy complete diversity and will not therefore affect this court's subject matter jurisdiction, as plaintiff does not reside in North Carolina.

Nor is removal barred by joinder of Bryant. There is no dispute that defendant Bryant, the resident defendant, had not been served at the time of removal. The plain language of _Section 1441(b)_ "implies that a diverse but resident defendant who has not been served may be ignored in determining removability." 14B Charles Alan Wright & Arthur R. Miller § 3723, at 784 (4th ed. 2009); see also _McCall v. Scott, 239 F.3d 808 (6th Cir. 2001)_; _Wensil v. E.I. Dupont De Nemours & Co., 792 F. Supp. 447 (D.S.C. 1992)_. Therefore, _28 U.S.C. § 1441(b)_ does not apply to bar removal of this action.

Plaintiff's motion to remand [DE #7] is DENIED.

This 1st day of November 2010.

/s/ Malcolm J. Howard

Malcolm J. Howard

Senior United States District Judge

---

End of Document

---

[1] Subsequent to filing his motion to remand, plaintiff has filed a Notice of Service by Publication, indicating that plaintiff served defendant Bryant via publication. The court need **[*4]** not, and does not, decide whether defendant Bryant has been properly served. There is no dispute that plaintiff did not serve defendant Bryant until after the Notice of Removal was filed with this court.