IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Civil Action No.: <u>3:20-CV-00679</u>

| | |
|---|---|
| CYNTHIA KAY (HAWKINS) LAPARDI )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NASTASSIA ANGELICA GOODMAN )<br>and LYFT, INC. )<br>)<br>Defendants. ) | **MOTION TO REMAND** |

NOW COMES the Plaintiff Cynthia Kay (Hawkins) LaPardi, pursuant to 28 U.S.C §1447(c), and hereby makes a Motion to Remand. In support of the remand, the Plaintiff shows the Court the following:

## STATE LITIGATION

1. On October 26, 2020, the Plaintiff Cynthia Kay (Hawkins) LaPardi filed a Summons and Complaint with the Clerk of Superior Court in Gaston County initiating a lawsuit captioned CYNTHIA KAY (HAWKINS) LAPARDI v. NASTASSIA ANJELICA GOODMAN and LYFT, INC. and was assigned file number 20-CVS-3976. A copy of the Filed Summons and Complaint are attached hereto as Exhibit A.

2. The Plaintiff alleged negligent operation of a motor vehicle by the Defendant Nastassia Angelica Goodman resulting in a motor vehicle accident on

December 7, 0217 in Gastonia, North Carolina. As a direct and proximate result of the acts of negligence of the Defendants, the Plaintiff suffered injuries to and about her body, including but not limited to her head, neck, back, left shoulder, left arm and headaches; as a result of these injuries Plaintiff has received medical care, attention and treatment and incurred expenses for said medical care, attention, and treatment.

3. The Plaintiff served Defendant Nastassia Angelica Goodman a citizen and resident of North Carolina on November 6, 2020.

4. The Plaintiff served Defendant Lyft, Inc. on November 10, 2020.

5. The Plaintiff Filed an Affidavit of Service on Defendant Nastassia Angelica Goodman on December 15, 2020. A copy of the Filed Affidavit of Service by Certified Mail is attached hereto as Exhibit B.

6. The Plaintiff Filed an Affidavit of Service on Defendant Lyft, Inc. on December 15, 2020. A copy of the Filed Affidavit of Service by Certified Mail is attached hereto as Exhibit C.

7. The Defendant Nastassia Angelica Goodman was properly served with process prior to the Notice of Removal.

8. This Court lacks Jurisdiction over this matter, because Defendant Goodman is a citizen and resident of North Carolina.

## **REMAND IS PROPER BASED ON LACK OF DIVERSITY JURISDICTION**

The Fourth Circuit has stated that the party seeking removal has the burden of demonstrating the existence of federal jurisdiction. Mulcahey v. Colombia Organic Chemicals Co., Inc. 29 F.3d 148, 151 (4th Cir . 1994) (citing Wilson v. Republic lron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. I44 (1921)). Removal jurisdiction must be strictly construed and, if it is doubtful, remand is appropriate. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). This is because plaintiff's right to select the forum for her claim is stronger than defendants' right to remove. Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) .

Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a). In addition, any matter which may have been originally brought in federal court, but is filed in a state court, may be removed by defendants to federal district court. 28 U.S.C. § 1441(a). In diversity cases, however, removal can only occur where no defendant is a resident of the state where the case was brought. 28 U.S.C. § 1441(b).

It is uncontested that the named individual Defendant Nastassia Angelica Goodman is a citizen and resident of North Carolina. The Defendants filed their Notice of Removal prior to the Affidavit of Service being filed but after service was obtained on Defendant Goodman. Based on the residencea of Defendant Goodman, there is not

complete Diversity. Also Defendant Goodman is a resident of North Carolina and therefore the Court lacks Jurisdiction and Remobal was improper. The Court should grant the Plaintiff's Motion to Remand.

Wherefore the Plaintiff prays the Court to Remand this matter to the Superior Court of Gaston County.

This the 7th day of January, 2021.

/s/ Brent A. Patterson
Brent A. Patterson Bar Number: 19228
Attorney for Plaintiff
Patterson & Adams, PLLC
213 West Main Avenue
Gastonia, North Carolina 28052
Telephone: (704) 867-1955
Email: brent@pattersonadams.com

## **CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel through the CM/EMF system in accordance with the provisions of the Federal Rules of Civil Procedure.

This the 7th day of January, 2021.

/s/ Brent A. Patterson

Brent A. Patterson Bar Number: 19228
Attorney for Plaintiff
Patterson & Adams, PLLC
213 West Main Avenue
Gastonia, North Carolina 28052
Telephone: (704) 867-1955
Email: brent@pattersonadams.com