IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV679

| | |
|---|---|
| CYNTHIA KAY (HAWKINS) LAPARDI, ) ) Plaintiff, ) ) vs. ) NATASSIA ANGELICA GOODMAN and ) LYFT, INC., ) ) Defendants. ) ) | ORDER |

This matter is before the Court upon Plaintiff's Motion to Remand. (Doc. No. 6). Defendant Lyft filed a response in opposition. (Doc. No. 8). Plaintiff has not filed a Reply and the time for doing so has expired. Accordingly, this matter is ripe for disposition.

This personal injury case was filed in state court on October 26, 2020. Defendant Goodman, a North Carolina resident, was served on November 6, 2020 via certified mail, return receipt requested. Defendant Lyft removed the case to this Court on December 8, 2020. Plaintiff filed her Affidavit of Service on December 15, 2020. Plaintiff seeks to remand, arguing that Goodman's status as a North Carolina resident defeats diversity jurisdiction.

Pursuant to 28 U.S.C. §1441(b)(2), a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 29 U.S.C. §1441(b)(2). This is typically referred to as the "Forum Defendant Rule." Defendant Lyft argues that Defendant Goodman was not "properly joined and served" at the time of removal and therefore §1441(b)(2) does not prohibit removal.

1

Rule 4(j)(1)(c) of the North Carolina Rules of Civil Procedure allows service on a natural person "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A–1, Rule 4(j)(1)(c).

Once service by certified mail is complete, the serving party may make proof of service by filing an affidavit averring:

> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1–75.10, N.C. Gen. Stat. § 1A–1, Rule 4(j2)(2). This creates a rebuttable presumption of valid service. *Carpenter v. Agee*, 613 S.E.2d 735, 736 (N.C. Ct. App. 2005). Plaintiff's Affidavit of Service states that the Complaint and Summons was addressed to the Defendant Goodman at her address in Charlotte, that it was deposited in the USPS for mailing by certified mail, return receipt requested, and that it was delivered to that address as indicated by the attached USPS tracking receipt. (Aff. of Service, Doc. No. 6-2, p. 1, ¶¶ 3, 4). Accordingly, Plaintiff's Affidavit is entitled to a presumption of valid service.

Defendant Lyft argues that service does not comply with this rule because the Affidavit states that a copy of the Complaint and Summons "was delivered to an individual due to COVID-19 on November 6, 2020." (*Id.* at ¶ 4). Defendant Lyft has done nothing to rebut the presumption of valid service other than speculate that the "individual" to whom the Summons and Complaint was delivered was not Ms. Goodman or her agent. This is insufficient to show that Ms. Goodman was not "properly joined and served" at the time of removal.

2

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is hereby GRANTED and this case is remanded to Gaston County Superior Court.

Signed: March 1, 2021

Graham C. Mullen
United States District Judge